Retha L. **KINGSTON**, Plaintiff,

v.

Thomas G. **BRUSSAT**, Defendant.

No. 87–C–1610.

United States District Court,
D. Colorado.

Aug. 9, 1988.

---

Harmon Graves, Denver, Colo., for defendant.

T. Michael Carrington, Denver, Colo., for plaintiff.

### ORDER

CARRIGAN, District Judge.

Plaintiff Retha Kingston ("Kingston") commenced this action to recover on a promissory note. Defendant Thomas Brussat ("Brussat") has moved to quash service of process or alternatively to change venue.

These facts appear to be undisputed: Brussat is a resident of Oregon and service was obtained on him in Oregon. On February 1, 1977, Brussat and his wife Marcia (now deceased) executed a promissory note in Oregon, payable at Denver, Colorado, to Kingston and her husband Don (now deceased) for the sum of ten thousand dollars. No payments were made on the note.

Brussat now argues that service was improper under the Colorado long arm statute, C.R.S. § 13–1–124, because he lacks minimum contacts with the state of Colorado sufficient to meet the due process requirements of the United States Constitution. Kingston responds that service was proper and minimum contacts do exist based on execution of the note.

The parties have fully briefed the issues and oral argument would not materially assist the decision process. Jurisdiction is exists pursuant to 28 U.S.C. § 1332. Based on Brussat's claims, I determine that his motion is one to dismiss for lack of personal jurisdiction and have treated it as such pursuant to Fed.R.Civ.P. 12(b)(2). In so doing, I have not considered matters outside the pleadings, such as affidavits submitted with the pleadings, that were not necessary to my determination.

The party who asserts jurisdiction under the long arm statute has the burden of making a prima facie showing of jurisdiction. *Panos Inv. Co. v. District Court,* 662 P.2d 180, 182 (Colo.1983). Allegations in the complaint may be sufficient to satisfy this burden. *Id.* at 182.

A federal district court's long-arm jurisdiction is coextensive with that of the state courts of the state where the federal court sits. *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525, 534 (D.Colo.1982). Colorado has adopted a three prong test for in personam jurisdiction: (1) a defendant must purposefully avail himself of the privilege of acting in Colorado or of causing important consequences here; (2) the claim for relief must arise from the consequences in Colorado of the defendant's activities; and (3) the activities of the defendant or the consequences of those activities must have a substantial enough connection with Colorado to make the exercise of jurisdiction over the defendant reasonable. *Van Schaack & Co. v. District Court,* 189 Colo. 145, 147, 538 P.2d 425, 426 (1975).

When a defendant acting outside of the forum state, executes a note that expressly obligates him to pay money to a resident inside the forum state, he may be properly sued on that obligation in the forum state. *Halliburton Co. v. Texana Oil Co.,* 471 F.Supp. 1017, 1019 (D.Colo.1979); *Ruggieri, supra,* at 532; *Tucker v. Vista Financial Corp.,* 192 Colo. 440, 442, 560 P.2d 453, 455 (1977).

■ Brussat's execution of the note was a purposeful act. Clearly, it was contemplated that performance or nonperformance on the note would cause important consequences in the state of Colorado. The single act of executing the note constituted a substantial enough connection to render exercise of jurisdiction over Brussat reasonable in the circumstances.

To require Brussat to defend in this jurisdiction would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Thus I find and conclude that this court has jurisdiction over the defendant Brussat.

■ Brussat's motion also raises a question of venue. This court previously dismissed Kingston's second claim for relief. As Brussat stated in his motion, the only testimony of import on the remaining claim, for recovery on the promissory note, is that of Brussat and Kingston.

Plaintiff's choice of forum is entitled to great weight. *Resources Investment Corp. v. Hughes Tool Co.,* 561 F.Supp. 1236, 1238 (D.Colo.1983). I am unpersuaded by Brussat's argument that this action should not be litigated in the forum of the plaintiff's choice.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to quash service or in the alternative to change venue, that I have treated as a motion to dismiss under Rule 12(b)(2), is denied.

(2) Before incurring additional attorneys' fees and costs, counsel for the parties are ordered to confer within eleven days in a good faith effort to settle this dispute. Counsel are ordered to send their respective clients copies of this order. Counsel shall report back to this court in writing within twenty days on the results of their settlement efforts and state whether a settlement conference before a magistrate would be of assistance. Counsel are admonished that in promissory note collection cases, this court is especially alert to the possibility that defenses may be interposed merely for delay, and therefore counsel are cautioned to consider the provisions of 28 U.S.C. § 1927 and Fed.R.Civ.P., Rule 11.