ALAMEDA NATIONAL
BANK, Plaintiff,

v.

Visut **KANCHANAPOOM**, Defendant.

No. 90–C–539.

United States District Court,
D. Colorado.

Dec. 14, 1990.

James Bailey, Denver, Colo., for plaintiff.

Robert Frye, Denver, Colo., for defendant.

MEMORANDUM OPINION
AND ORDER

CARRIGAN, District Judge.

Plaintiff Alameda National Bank commenced this contract action seeking recovery on promissory notes executed by the defendant Visut Kanchanapoom. Currently pending are: (1) the defendant's motion to dismiss for lack of personal jurisdiction and failure to state a claim, or to transfer this action to California; and (2) the plaintiff's motion for summary judgment. Each party has responded by opposing the other's motion.

The issues have been briefed and oral argument would not materially facilitate the decision process. Jurisdiction exists pursuant to 28 U.S.C. § 1332.

This action arises out of the defendant's alleged default on two promissory notes. Defendant is a California resident. Both notes were signed by him in California.

The first note, dated January 2, 1988, is for $260,000 payable to Robert Dolby. Dolby is president of Western Capital Development Corporation, a Colorado corporation. The proceeds of this note were to go to Carr & Alameda, Ltd., a Colorado limited partnership. (*See* Plaintiff's brief in oppo-

sition, Ex. D.) This note's terms required payment of $30,000 on August 1, 1988, with the balance due on January 1, 1989.

The second note, dated February 29, 1988, is for $75,000 payable to Civic Center Partners I, a Colorado general partnership. This note's terms required payments of $10,000 on August 1, 1988 and February 1, 1989 with the balance due on July 31, 1989. Apparently, no payment has been made on either note.

The notes financed dealings in Colorado real estate and each contained a Colorado choice of law clause. The notes allegedly were assigned to the plaintiff to secure a loan the plaintiff made to the notes' payees. Neither note expressly specifies a place of payment, but they reserve to the notes' holder the right to designate that place. Plaintiff alleges that the notes are payable in Jefferson County, Colorado, the plaintiff's principal place of business. (*See* Plaintiff's complaint, ¶ 9.)

Plaintiff asserts that the defendant came to Colorado to discuss the transactions related to the notes at issue. (*See* Dolby affidavit.) Defendant maintains that his only trip to Colorado concerned Colorado real estate transactions that involved the notes' payees but were unrelated to the instant notes. (*See* Kanchanapoom affidavit.) Since 1986, the defendant appears to have engaged in a series of Colorado real estate transactions with the instant notes' payees. (*See* plaintiff's supplement brief, Exhibits A through M.) Prior notes executed by the defendant in those transactions directed that payment be made in Colorado. (*See id.,* Ex. A, C and D.) Payment on certain of those prior notes apparently was so made. (*Id.* at Ex. A.)

Defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), or to transfer this action to California. Plaintiff moves for summary judgment.

I. Defendant's Motion to Dismiss.

A. *Personal Jurisdiction.*

Defendant alleges that he lacks sufficient contacts with Colorado to justify this court's exercise of personal jurisdiction. Jurisdiction over the defendant exists, if at all, under Colorado's long-arm statute, Colo.Rev.Stat. § 13-1-124. The party who asserts jurisdiction under the long-arm statute has the burden of making a prima facie showing of jurisdiction. *Panos Inv. Co. v. District Court,* 662 P.2d 180, 182 (Colo.1983). Allegations in the complaint, affidavits and other evidence may be sufficient to satisfy that burden. *Id.*

A federal district court's long-arm jurisdiction is coextensive with that of the state courts of the state in which it sits. *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525, 534 (D.Colo.1982). Colorado state courts may assert jurisdiction to the extent permissible under the Fourteenth Amendment's due process clause. *Le Manufacture Francaise des Pneumatiques Michelin v. District Court,* 620 P.2d 1040, 1044 (Colo.1980).

Colorado has adopted a three prong test for in personam jurisdiction: (1) a defendant must purposefully avail herself of the privilege of acting in Colorado or of causing important consequences here; (2) the claim for relief must arise from the consequences in Colorado of the defendant's activities; and (3) the defendant's activities or their consequences must have a substantial enough connection with Colorado to make exercise of jurisdiction reasonable. *Van Schaack & Co. v. District Court,* 189 Colo. 145, 538 P.2d 425, 426 (Colo.1975).

The *Van Schaack* test is satisfied when a defendant acting outside of the forum state executes a promissory note that expressly obligates payment to a resident inside the forum state. *Kingston v. Brussat,* 698 F.Supp. 215, 216 (D.Colo. 1988); *Tucker v. Vista Financial Corp.,* 192 Colo. 440, 560 P.2d 453, 455 (Colo.1977). The instant case is not meaningfully distinguishable from that situation. A note's express requirement that payments be made within a forum state is sufficient, but not necessary, to satisfy *Van Schaack.* That payments are directed inside the forum state demonstrates a defendant's intent to avail herself purposefully of the privilege of acting there. Such purposeful

intent is no less evident when, as here, the notes at issue concern dealings in Colorado real estate and were made payable to Colorado partnerships and individuals who retained absolute discretion to direct precisely where payment was to be made. Given the notes' subject matter, the payees' identity and the prior course of dealing among the parties, the defendant had clear reason to foresee being haled into a Colorado court to defend a suit on the notes.[1]

■ Even ignoring *Kingston* and *Tucker*, it is clear that the defendant has sufficient contacts with Colorado to render the exercise of jurisdiction reasonable. In contract cases, a defendant's contacts must be analyzed on a case-by-case basis considering, *inter alia*, the nature and quality of business activity, the utilization of channels of interstate commerce and the benefits and protections afforded by the forum state. *People ex rel. Jeffers v. Gibson*, 181 Colo. 4, 508 P.2d 374 (Colo.1973). Courts have found jurisdiction when the contract at issue pertained to real estate located in Colorado, the defendants' activities were directed at the state and the contracts were intended to give rise to extensive activity within the state. *See, e.g., Halliburton Co. v. Texana Oil Co.*, 471 F.Supp. 1017 (D.Colo.1979); *Van Schaack, supra.*

This suit arose out of the defendant's dealings in Colorado real estate. Those dealings were not isolated but were part of a long-term investment pattern. These facts identify a substantial connection between the defendant and Colorado and reveal the defendant's intent to cause important consequences here. Exercising jurisdiction will not offend fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

### B. Failure to State a Claim.

■ Defendant moves to dismiss, alleging that the plaintiff has no standing to sue because the notes were not properly assigned to it. Under modern pleading rules, a complaint must set forth a short, plain statement of the claims against the defendant. Fed.R.Civ.P. 8(a)(2). A complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts that can be proven in support of its allegations. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff's complaint meets the pleading requirements and, therefore, dismissal is not warranted.

### C. Transfer.

■ Defendant moves to transfer this case to California. For the convenience of parties and witnesses, a district court in the interests of justice may transfer a civil action to a district where it might have been brought. 28 U.S.C. § 1404(a). Here the vast majority of evidence and witnesses are located in Colorado. No factors that favor transfer, other than the defendant's convenience, are alleged. Further, the plaintiff's choice of forum is entitled to great weight. *Kingston*, 698 F.Supp. at 216. Defendant's argument that the action should not be litigated in Colorado is unpersuasive.

## II. Plaintiff's Motion for Summary Judgment.

Plaintiff moves for summary judgment pursuant to Fed.R.Civ.P. 56. After reading the parties' briefs and the attached affidavits and other documentary evidence, I find and conclude that genuine issues of material fact exist, precluding summary judgment.

Accordingly, IT IS ORDERED that:

(1) the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), or to transfer this action is denied;

(2) the plaintiff's motion for summary judgment is denied;

---

1. Further, the plaintiff's contention that payment was to be made in Colorado, while denied by the defendant, is not refuted by any evidence. Plaintiff has submitted evidence showing that the defendant made payment on related notes in Colorado and that he knew that some of these notes had been assigned by the instant notes' named payees to the instant plaintiff. (*See* plaintiff's supplement brief, Ex. J, K and L.)

(3) the parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle this case without further litigation expense and delay. This meeting may be conducted via telephone conference. The parties shall report to this court in writing within fifteen days stating the result of their settlement negotiations and whether a settlement conference before a Magistrate would facilitate settlement discussions.