**D.D.J. DEVELOPMENT, LTD., Plaintiff,**

v.

**N & N INTERNATIONAL, Sheriff Ali Individually, Sheriff Ali d/b/a N & N International, Defendants.**

**Civ. A. No. 91–A–161.**

United States District Court, D. Colorado.

April 22, 1991.

Henry N. Mulvihill, Georgetown, Colo., for plaintiff.

Charles L. Casteel, Anthony J. Shaheen, Davis, Graham & Stubbs, Denver, Colo., Morris L. Thomas, Thomas, Johnson & Thomas, Los Angeles, Cal., for defendants.

**MEMORANDUM OPINION AND ORDER**

ARRAJ, District Judge.

This matter is before the court on the defendants N & N International's and Sheriff Ali's motion to dismiss and the plaintiff D.D.J. Development, Ltd.'s request for denial of the petition to removal, which the court shall treat as a motion to remand. A hearing was held on February 28, 1991 on both matters. The court has considered the arguments and briefs submitted by counsel, and finds and rules as follows.

*Background*

Plaintiff originally filed this action in the District Court, Arapahoe County, State of Colorado on December 18, 1990. The plaintiff alleges breach of contract and fraudulent misrepresentation in connection with a contract between the parties for financing of the plaintiff's real estate development

project in Winter Park, Colorado. The defendant removed the case to federal court and moved to dismiss the action for lack of personal jurisdiction. The plaintiff asserts that jurisdiction is proper and that the case should be remanded to state court.

## Discussion

### I. Removal

This action was properly removed from the District Court of Arapahoe County, Colorado in compliance with 28 U.S.C. § 1446. The complaint on its face shows that the matter in controversy exceeds the sum of 50,000 dollars excluding interest and costs and is between citizens of different states. Therefore, the court has proper diversity jurisdiction over this matter, and the plaintiff's motion for remand will be denied.

### II. Insufficiency of Process

The defendant argues that this case should be dismissed because of insufficiency of process. It maintains that the complaint was served without a summons and therefore the plaintiff violated Rule 4 of the Colorado Rules of Civil Procedure which provides that except in cases of service by publication, the complaint shall be served with a summons. The defendant submitted the affidavit of Sheriff Ali, the president of N & N International, in which he testified that on January 4, 1991 he was served with the complaint, but not with a summons. Morris Thomas, an attorney for N & N International, also testified in an affidavit that no summons was served with the copies of the complaint.

The plaintiff has supplied the court with a copy of a summons that is signed by a process server in Los Angeles, California that shows the summons was handed to Sheriff Ali on January 9, 1991. Chris Turner, the process server, supplied an affidavit in which he testified that on January 9, 1991 at 3:15 p.m. he personally served Sheriff Ali, individually, d/b/a/ N & N International, and as authorized agent for N & N International with three copies of the summons, complaint, and arbitration certificate.

It appears from the affidavits and documents presented by the plaintiff that service of process was proper in this case. Furthermore, the plaintiff notes that it is improper to dismiss a case because of improper or invalid service. *See Hoen v. District Court of the County of Arapahoe,* 159 Colo. 451, 455, 412 P.2d 428 (1966) (order quashing a purported service of process is not tantamount to a judgment of dismissal). Consequently, the case will not be dismissed for insufficiency of process.

### III. Personal Jurisdiction

The defendant contends that he does not have the minimum contacts with Colorado necessary for personal jurisdiction. The plaintiff alleges that the defendant's activities in connection with making a business loan to the plaintiff were clearly and substantially connected to a business opportunity in Colorado, and the defendant purposefully availed himself of the privilege of conducting business within Colorado which caused important consequences within the state.

In the case at bar, the uncontroverted facts establish that the defendant Sheriff Ali, d/b/a N & N International, was approached by Michael Thorne of D.D.J. Development hoping to borrow $84,000,000.00 to finance a Hilton in Colorado. Mr. Thorne visited Sheriff Ali in Torrance, California where Mr. Ali's office is located to discuss the possible loan. Following that meeting, Ali prepared a loan agreement, irrevocable guarantee, letter of intent, and non-disclosure and non-circumvention agreement and mailed them to Thorne in Colorado. The documents were signed by both parties and Mr. Thorne deposited $40,000.00 in Sheriff Ali's accounts as a good faith deposit. Problems began to emerge, and "at a later date" Ali allegedly called Thorne in Colorado requesting more information on his proposed project. Plaintiff contends that the defendant's calls only pertained to the deposit, and that no requests for additional information on the project were made until after the contract was executed. On August 31, 1990, Ali wrote Thorne requesting more information. According to Ali, when he did not receive

the information, negotiations regarding the loan were terminated. On November 20, 1990, the $40,000.00 deposit was returned to Thorne by mail. Sheriff Ali testified in his affidavit that he had never been to Colorado in connection with this matter or for any other business purpose.

Since this is a diversity action, Colorado law is the applicable law to determine *in personam* jurisdiction. *Halliburton Company v. Texana Oil Company,* 471 F.Supp. 1017, 1018 (D.Colo.1979). Whether due process is satisfied must depend upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159–60, 90 L.Ed. 95 (1945). The Colorado long-arm statute extends jurisdiction to the maximum extent allowed by due process. *Mr. Steak, Inc. v. District Court for the Second Judicial District,* 194 Colo. 519, 521, 574 P.2d 95, 96 (1978).

■ The Colorado Supreme Court has specified a three-part test for determining if a single act is sufficient to satisfy the minimum contacts requirement:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Van Schaack & Co. v. District Court, Eighteenth Judicial District,* 189 Colo. 145, 147, 538 P.2d 425, 426 (1975).

In applying the test to the facts, the *Van Schaack* court found that the exercise of jurisdiction over a Kansas bank was appropriate. First, in issuing a letter of credit the bank induced conduct in Colorado in that the plaintiff relied on the letter in extending a real property contract. *Id.* The court also found it was clear that the cause of action arose from the conse-

quences of the bank's cancellation of the letter of credit. *Id.* Finally, the court held that since the letter of credit was issued in conjunction with a Colorado real estate transaction, there was a substantial connection with Colorado. *Id.*

The plaintiff argues that the decision in *Halliburton* also applies to the case at bar. In *Halliburton,* there was a dispute over a note that was personally guaranteed by two Texas residents. One of the guarantors had traveled to Denver to negotiate with the plaintiff, but the other had only participated by phone. The court held that "[b]y having engaged in these telephone conversations, James Callaway transacted business within Colorado and caused important business consequences in this state within the test set forth by the Colorado Supreme court in *Van Schaack* ..." *Halliburton, Co. v. Texana Oil Co., Inc.,* 471 F.Supp. at 1019. Consequently, the court found that the assertion of personal jurisdiction was both fair and reasonable. *Id.*

"When a defendant acting outside of the forum state, executes a note that expressly obligates him to pay money to a resident inside the forum state, he may properly be sued on that obligation in the forum state." *Kingston v. Brussat,* 698 F.Supp. 215, 216 (D.Colo.1988). In *Kingston,* the defendant was a resident of Oregon who executed a promissory note in Oregon to the plaintiff, payable in Denver, Colorado, for the sum of ten thousand dollars. The *Kingston* court explained that despite the fact that none of the money was ever paid on the note, it was clearly contemplated that the performance or nonperformance on the note would cause important consequences in Colorado. *Id.* The single act of executing a note constituted enough connection with Colorado to render the exercise of jurisdiction over the defendant reasonable. *Id. see also Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525, 533 (D.Colo. 1982); *Tucker v. Vista Financial Corp.,* 192 Colo. 440, 442, 560 P.2d 453, 455 (1977).

■ Sheriff Ali mailed the plaintiff a letter of intent in December 1989 which stated that N & N International intended to provide funding by January 15, 1990 in the

amount of $84,000,000.00 to be utilized for the specific purpose described in the loan agreement. The loan agreement provides the specific use of the loan was for the development and construction of the Winter Park Hotel in Winter Park, Colorado. Therefore, under *Van Schaack* and its progeny, it is proper for the court to exercise jurisdiction over the defendant because he transacted business in this state, the cause of action arises from those business transactions, and the exercise of jurisdiction is reasonable since there is a substantial connection between the transaction and Colorado.

The defendant cites *Hydraulics Unlimited Mfg. Co. v. B/J Manufacturing Co., Inc.*, 449 F.2d 775 (10th Cir.1971) as being analogous to the case at bar. In that case, a suit was brought on a licensing agreement and the court found that there were insufficient contacts with Colorado to exercise personal jurisdiction over the defendant. *Id.* at 777. The lower court in *Hydraulics* found personal jurisdiction was lacking over the defendants because the contract was not negotiated in Colorado, the payment of royalties was insignificant, and the asserted sale of goods in Colorado by the defendants was too speculative. *See Hydraulics Unlimited Mfg. Co. v. B/J Manufacturing Co., Inc.*, 323 F.Supp. 996, 999–1001 (D.Colo.1971). In the case at bar, the defendant negotiated a loan with the plaintiff specifically to be used for a Colorado business undertaking. The obvious purpose behind the loan negotiations was for the defendant to avail himself of the privilege of conducting business here.[1] Consequently, the defendant has sufficient minimum contacts with Colorado for this court to properly assert personal jurisdiction over him. Accordingly,

IT IS ORDERED that

1. The plaintiff's motion to remand is DENIED.

2. The defendants' motion to dismiss for insufficiency of service is DENIED.

3. The defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

---

1. The holding in *Associated Inns & Restaurant Co. of America v. Development Associates*, 516 F.Supp. 1023 (D.Colo.1981) is distinguishable from the case at bar in that the contract in that case was a personal service contract to manage a hotel in Oregon. At the time the contract was made the plaintiff's offices were in Ohio and the defendant's offices were in Oregon. The only contact the defendant had with Colorado was after the contract was executed, the plaintiff moved its corporate headquarters to Denver. *Id.* at 1026. Agents of the defendant met with the plaintiff on several occasions in Denver to discuss the operations of the management. The facts of *Associated Inns* are quite different from the case at bar where the parties contracted for a loan of $84,000,000.00 for the specific purpose of developing a business in Colorado.