**Joseph P. SCHNEIDER, individually and by and through Ann E. Schneider, his mother and next friend, Plaintiff–Appellant,**

v.

**MIDTOWN MOTOR COMPANY, a partnership, Midtown Motor Company, a corporation, Midtown Motors Company, Inc., a corporation, Defendant–Appellee.**

No. 91CA1332.

Colorado Court of Appeals, Div. I.

Oct. 8, 1992.

Rehearing Denied Dec. 17, 1992.

Certiorari Denied June 21, 1993.

Buchanan, Gray, Purvis & Schuetze, John A. Purvis, Ross B. Buchanan and Glen F. Gordon, Boulder, for plaintiff-appellant.

Weller, Friedrich, Ward and Andrew, Stephen J. Baity, Ellen Reilly, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, Joseph P. Schneider, appeals the partial summary judgment entered in favor of defendant Midtown Motor Company. We reverse and remand with instructions.

Plaintiff was injured by an allegedly unlicensed motorist, who was driving a car he had purchased from the defendant ten days before the accident. Evidence was presented to support the conclusion that defendant's agent knew that plaintiff frequently purchased automobiles from defendant and that he paid cash and returned the vehicles purchased for trade-in before the temporary permit expired. Further, the agent stated that the purchaser was a "crazy driver" who would "drive the wheels off a car," that he was always "spinning the tires and driving like a wild man," and that he was "real mean, bad." Also, it was the expressed opinion of the agent that defendant sold cars under these circumstances for less profit to encourage repeat business.

Plaintiff brought this action against defendant, in its corporate and partnership forms, and certain of its employees, seeking compensatory and exemplary damages on theories of negligence, civil conspiracy, willful and wanton misconduct, and negligent entrustment.

Defendant moved for summary judgment. The trial court denied the motion with respect to plaintiff's claims for negligent entrustment and exemplary damages, but entered partial summary judgment in favor of defendant for negligence *per se* and joint liability for civil conspiracy. The trial court certified this partial summary judgment pursuant to C.R.C.P. 54(b).

Plaintiff then initiated this appeal, asserting that selling an automobile in violation of § 42-2-132(1), C.R.S. (1992 Cum. Supp.) and paragraph K of 1 Code Colo. Reg. 204-2, a regulation governing motor vehicle dealers, may constitute negligence when coupled with facts indicating an incompetent driver; that plaintiff was not required to prove the existence of an express agreement to sustain a claim for civil conspiracy pursuant to § 13-21-111.5(4), C.R.S. (1987 Repl.Vol. 6A); and, finally, that negligent entrustment can constitute the tortious act required to establish joint liability pursuant to § 13-21-111.5(4).

## I.

Plaintiff first contends that the trial court erred in granting partial summary judgment in defendant's favor on plaintiff's claim that defendant violated § 42-2-132(1). Plaintiff argues that there was error because selling an automobile to an unlicensed driver may, under certain circumstances, constitute negligence. We agree.

■ Summary judgment is warranted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such

an issue must be resolved against the moving party. Further, a party against whom summary judgment is sought is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo. 1988).

To recover under a theory of negligence *per se,* a plaintiff must prove that the defendant violated a statutory standard and that such violation was the proximate cause of the injury sustained. Further, before a defendant's violation of a statute may be the basis of negligence, the plaintiff must demonstrate that he is a member of a class that the statute was intended to protect and that the injuries he suffered were of the kind the statute was enacted to prevent. *Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo.1986).

Section 42–2–132(1), C.R.S. (1992 Cum. Supp.) provides that:

No person shall authorize or knowingly permit a motor vehicle owned by him or under his hire or control to be driven upon any highway by any person who has not been issued a currently valid driver's, minor driver's, or provisional driver's license or an instruction permit, or shall cause or knowingly permit such person to drive a motor vehicle upon any highway in violation of the conditions, limitations, or restrictions contained in a license or permit which has been issued to such other person.

Other jurisdictions have held that violations of similar statutes may constitute negligence *per se.* For example, in *Seward v. Griffin,* 116 Ill.App.3d 749, 72 Ill.Dec. 305, 452 N.E.2d 558 (1983), injured plaintiffs brought an action against an automobile dealership for permitting an unlicensed prospective buyer to drive a car.

In *Jones v. Dixie Drive It Yourself System,* 97 Ga.App. 669, 104 S.E.2d 497 (1958), the court determined that a pedestrian injured by an automobile driven by an unlicensed driver could bring an action against the car rental company that had leased the automobile in violation of a statute making it unlawful to provide a motor vehicle unless the driver first shows he has a valid driver's license. The *Jones* court held that such a statute was for the protection of people and property on or near public highways and that violation of this statute would constitute a cause of action against the violator if the violation were a proximate cause of any subsequent injuries.

Likewise, in *Hardwick v. Bublitz,,* 254 Iowa 1253, 119 N.W.2d 886 (1963), in which parents had permitted their child to drive their car knowing that he was unlicensed, the Iowa Supreme Court concluded that:

When defendants permitted [their son] to drive, knowing he did not have a license, they were negligent, a foreseeable result of this negligence was that [their son] would drive negligently. The act of the parents continued to the time [their son] was negligent and combined with it causing the injury.

Other courts finding that a violation of a statute prohibiting unlicensed drivers to drive, in and of itself, constitutes negligence include *Chiniche v. Smith,* 374 So.2d 872 (Ala.1979); *United Gas Pipe Line Co. v. Jones,* 236 Miss. 471, 111 So.2d 240 (1959); *Keller v. Wellensiek,* 186 Neb. 201, 181 N.W.2d 854 (1970); and *Atkins v. Churchill,* 30 Wash.2d 859, 194 P.2d 364 (1948).

Contrary to defendant's assertions, we do not conclude that *Hertz Driv–Ur–Self System, Inc. v. Hendrickson,* 109 Colo. 1, 121 P.2d 483 (1942) is dispositive. In *Hertz,* our supreme court, on a foreseeability and proximate cause analysis, concluded that merely leasing a car to an unlicensed driver *without reason to believe that the driver is dangerous* did not create liability under a negligence *per se* theory. There, with no conflicting evidence as to the competency of a driver to whom Hertz had safely rented a vehicle on thirty-three earlier occasions, the question of proximate cause was properly postured for resolution by the trial court.

Here, in contrast, the record does contain conflicting evidence as to defendant's knowledge or belief of the driver's competency and possibly dangerous driving habits. Therefore, the negligence *per se*

theory could not be resolved by the trial court on the basis of lack of proximate cause as in *Hertz.* *See, Largo Corp. v. Crespin, supra.*

■ Moreover, although the accident occurred several days after the driver had completed the purchase of the car from the defendant, that fact does not persuade us that the statute is inapplicable. Under the facts here it is not clear if title had transferred to the purchaser. Further, the automobiles which had been purchased by this driver in the past were returned as tradein before the temporary plates had expired. The negligence occurred when the defendant, as the car's owner, initially permitted an unlicensed driver to drive. *Cf. Peterson v. Halsted,* 829 P.2d 373 (Colo.1992).

Therefore, we conclude that the trial court erred in summarily dismissing plaintiff's negligence claim which was premised on defendant's violation of § 42-2-132(1) and its agent's knowledge of the driver's driving habits.

We note that, under the facts here, claims for negligence based on a statutory violation and negligent entrustment may be duplicative. After hearing all the evidence, should the trial court conclude that the claims are duplicative and do not represent two theories of fault, then the violation of this statute would nevertheless be relevant to a claim based on the theory of negligent entrustment.

## II.

Plaintiff next asserts that the trial court erred in granting summary judgment on plaintiff's negligence claim which was based on a violation of paragraph K of 1 Code Colo.Reg. 204-2. We again agree.

Paragraph K provides that:

A purchaser of a motor vehicle, if also the operator, *must* have a valid drivers license, the number of *which must be entered* on the stub of the Permit. Any person driving the vehicle from the dealer's lot must have a valid driver's license. (emphasis in original)

■ A violation of a regulation can constitute negligence *per se* provided that the regulation satisfies the two-part test recited in *Largo Corp. v. Crespin, supra.* *See Hageman v. TSI, Inc.,* 786 P.2d 452 (Colo. App.1989).

■ The trial court found that paragraph K was intended as a regulatory provision only governing the issuance of temporary registration permits rather than a traffic safety provision. However, since plaintiff may have been a member of the class of people to be protected by the regulation and the purpose of the violated regulation was to protect against the type of injuries sustained by plaintiff, we find that violation of paragraph K may constitute negligence. *See Largo Corp. v. Crespin, supra.* These questions of fact again preclude summary judgment.

## III.

■ Plaintiff next asserts that the trial court erred in holding that he must prove an "express agreement to cause injury" in order to sustain a claim for civil conspiracy pursuant to § 13-21-111.5(4). We agree.

Section 13-21-111.5(4) provides, in pertinent part, that:

Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act....

The trial court entered summary judgment for defendant on plaintiff's civil conspiracy claim on the basis that plaintiff could not demonstrate an "express agreement to commit the tortious act causing the injury." However, we conclude that § 13-21-111.5(4) does not require evidence of an express agreement.

■ For plaintiff to be entitled to recover damages under a civil conspiracy claim, there must be (1) two or more persons, (2) an object to be accomplished, (3) an agreement on the object or course of action, (4) one or more unlawful overt acts, and (5) damages as the proximate result thereof. *Jet Courier Service, Inc. v. Mulei,* 771 P.2d 486 (Colo.1989).

■ "The essence of a civil conspiracy claim is not the conspiracy itself, but the

actual damages resulting from it." *Jet Courier Service Inc. v. Mulei, supra.* Moreover, "[a] conspiracy may be implied by a course of conduct and other circumstantial evidence.... There must be some indicia of agreement in an unlawful means or end." *Martinez v. Winner,* 548 F.Supp. 278 (D.Colo.1982).

 Based on defendant's agent's actions of repeatedly selling cars to the unlicensed motorist, believing him to be a "crazy driver," who "drove the wheels off a car," and the fact that defendant took less profit to encourage repeat business combined with the unlicensed driver's frequent purchases from defendant without a driver's license and despite his recklessness with cars, we conclude that a jury could find the requisite nexus that would establish a tacit agreement between defendant, in its various forms, and its agents to provide vehicles to this "dangerous," "mean" driver in exchange for payment in cash and motivation for repeat business. Therefore, because this question exists, it must be presented to the jury and may not be disposed of by summary judgment.

## IV.

We also find merit in plaintiff's final assertion that the tort of negligent entrustment can constitute the predicate "tortious act" required to establish joint liability pursuant to § 13–21–111.5(4).

An event is the proximate cause of another's damage if, in the natural and probable sequence of things, it produced the claimed injury. *In re Swine Flu Immunization Products Liability Litigation,* 533 F.Supp. 567 (D.Colo.1980).

A causal link may exist between the dealership's entrusting of a car to an unlicensed, dangerous motorist and the resulting injury to plaintiff. If defendant knowingly entrusted a car to a dangerous, unlicensed motorist, it is foreseeable that he could be a hazardous driver who could cause injury. *See Hasegawa v. Day,* 684 P.2d 936 (Colo.App.1983).

The partial summary judgment is reversed, and the cause is remanded with directions to reinstate all claims of plaintiff.

STERNBERG, C.J., and DAVIDSON, J., concur.