Harvey MININBERG, M.D., A. Roy Rosenthal, M.D., successors in interest to Drs. Mininberg & Rosenthal, P.A. Retirement Trust, Plaintiffs,

v.

Richard A. KRESCH, M.D., et al., Defendants.

Civ. No. PJM 93–1941.

United States District Court,
D. Maryland,
Northern Division.

Sept. 14, 1994.

Mark A. Binstock, Bethesda, MD, for plaintiffs.

Richard Wayne Driscoll, Stevensville, MD, for defendants.

### MEMORANDUM OPINION AND ORDER

MESSITTE, District Judge.

#### I.

On July 2, 1993, Plaintiffs Mininberg and Rosenthal filed a Complaint in this Court against Defendant Kresch based on his alleged failure to repay two promissory notes. On July 26, 1993, they added Defendant Mack as a Co–Defendant. Service upon the two was apparently obtained on August 30, 1993, when Plaintiffs' private process server left copies of the court papers with Jane McBride, a secretary and co-worker of Defendants authorized to accept service of process for the two. The court file reflects no activity in the case thereafter until May 12, 1994, when Plaintiffs filed a Motion for Default Judgment against Defendant Kresch.[1] As of May 24, 1994, neither Defendant had appeared in the case and the Clerk of the Court on Plaintiffs' Motion, pursuant to Fed. R.Civ.Proc. 55, entered an Order of Default.[2]

Notwithstanding this, the court file further reflects that on May 31, 1994, a Cross–Motion to Dismiss was filed on behalf of both Defendants Kresch and Mack on the grounds that the Court lacks personal jurisdiction over them. The essence of the Cross–Motion, as will be discussed presently, is that the parties have had insufficient contacts with the State of Maryland to permit the Court to proceed. What is more relevant for present purposes, however, is that neither Defendant attempts in the Cross–Motion to demonstrate in any fashion why he failed to file a responsive pleading in the case between August 30, 1993 and May 31, 1994.

But it is precisely the failure to timely file a responsive pleading that was the basis of the entry of the Order of Default against Defendant Kresch. The extent of his contacts with the State of Maryland was not in issue. The Court may not vacate a default judgment unless there has been a showing of good cause, which in this case there has not. *See Consolidated Masonry and Fireproofing, Inc. v. Wagman Construction Company,* 383 F.2d 249 (4th Cir.1967). Accordingly the Court will enter final judgment as prayed against Defendant Kresch.

#### II.

The case against Defendant Mack stands on different footing. No motion has been filed with respect to his delay in responding to the suit and the Court must therefore address his Cross–Motion to Dismiss raising the jurisdictional issue. Mack says that the promissory notes in question were negotiated and executed in New York, that no meetings were held in Maryland concerning the notes, and that he has never visited Plaintiffs in Maryland. He further asserts that he has never transacted any business, contracted any supply goods, caused tortious injury, solicited business, possessed real property or acted as a surety

---

1. Correspondence in the personal file of the Court's predecessor in this case (Kaufman, J.) indicates that the parties were having discussions in the interim and suggests that Plaintiffs' counsel had directed counsel to dismiss without prejudice claim against Defendant Mack. No action has ever been taken, however, to dismiss the suit as to Defendant Mack.

2. The Order of Default, while non-specific, could only pertain to Defendant Kresch, since the Motion had only been made as to him.

in the State of Maryland nor does he maintain any other ties with the State.

Both notes provide, however, that payment is to be made in Silver Spring, Maryland. Plaintiffs, moreover, assert—without dispute from Defendant—that said payments were in fact made in Maryland over a 9 year period and thus evidence an understanding that performance of the obligation under the notes was to occur in this State. Plaintiffs suggest that Defendant Mack has subjected himself to personal jurisdiction in this State by virtue of having transacted business here within the meaning of Section 6–103(b) of the Courts and Judicial Proceedings Article of the *Maryland Code,* Maryland's long-arm statute.

The Court finds as a matter of law that Defendant Mack has had the requisite quantum of minimum contacts with Maryland, *see Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and that its exercise of jurisdiction would be consistent with traditional notions of fair play and substantial justice. *See International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Mack has purposely availed himself of the privilege of conducting activities within the forum State, *see McGee v. International Life Insurance Company,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), as a number of courts have recognized in cases where a defendant acting outside the forum state executes a promissory note expressly obligating payment to a resident inside the forum state. *See Alameda National Bank v. Kanchanapoom,* 752 F.Supp. 367 (D.Colo.1990); *Kingston v. Brussat,* 698 F.Supp. 215 (D.Colo.1988); *Tucker v. Vista Financial Corporation,* 192 Colo. 440, 560 P.2d 453 (1977).

Accordingly Defendant Mack's Cross–Motion to Dismiss will be DENIED.

Separate Orders will be entered implementing this decision.

### ORDER

Upon consideration of Defendant Mack's Cross–Motion to Dismiss and Plaintiffs' Opposition thereto, it is this 14th day of September, 1994

ORDERED that said Motion is hereby DENIED.

### ORDER

Upon consideration of Defendant Kresch's Cross–Motion to Dismiss, and Plaintiffs' Opposition thereto, it is this 14th day of September, 1994

ORDERED that said Motion is hereby DENIED.

### ORDER

Upon consideration of the Plaintiffs' Motion for Default Judgment, it is this 14th day of September, 1994

ORDERED that Plaintiffs' Motion for Default Judgment is hereby GRANTED; and it is further

ORDERED that judgment is entered in favor of Plaintiffs Harvey Mininberg, M.D. and A. Roy Rosenthal, M.D., successors in interest to the Drs. Mininberg and Rosenthal, P.A. Retirement Trust, and against Defendant Richard A. Kresch, M.D. in the sum of $102,203.88, calculated as follows:

| | | |
|---|---|---|
| A) | Note of 10/25/85: | $ 45,910.38 |
| | Interest:<br>5/1/94–9/14/94<br>136 × $17.99 @ = | $ 2,446.64 |
| B) | Note of 12/5/86: | $ 51,627.34 |
| | Interest:<br>5/1/94–9/14/94<br>136 × $16.32 @ = | $ 2,219.52 |
| | TOTAL | $102,203.88 |

and it is further

ORDERED that Plaintiffs are hereby awarded attorneys fees in the sum of $10,-000.00, plus costs of suit.