Harvey **SENDER**, Trustee of the Bankruptcy Estate of Hedged–Investments Associates, Inc., Hedged–Securities Associates, L.P., Hedged–Investments Associates, L.P., and Hedged–Investments Associates II, L.P., Plaintiff–Appellant,

v.

**Douglas POWELL, Defendant–Appellee.**

**No. 93CA1645.**

Colorado Court of Appeals,
Div. I.

July 13, 1995.

Katch, Sender & Wasserman, P.C., Bonnie A. Bell, Denver, for plaintiff-appellant.

Shaw, Spangler & Roth, P.C., Barry L. Wilkie, Denver, for defendant-appellee.

Opinion by Judge TAUBMAN.

Plaintiff, Harvey Sender, as Trustee of the Bankruptcy Estates of Hedged–Investments Associates, Inc., Hedged–Securities Associates, L.P., Hedged–Investments Associates, L.P. (HIA), and Hedged–Investments Associates II, L.P. (Trustee), appeals from the judgment of dismissal entered in favor of defendant, Douglas Powell, and from the denial of his motion for relief from judgment under C.R.C.P. 60(b). We affirm.

Trustee commenced this action in December 1992 pursuant to § 7–62–607 and § 7–62–608, C.R.S. (1986 Repl.Vol. 3A) to recover from Powell amounts which were allegedly distributed to him in excess of his partnership contribution and the allocated balance of his partnership account. Trustee alleged that Powell executed an agreement of limited partnership which made him a limited partner in HIA, a partnership organized under the Colorado Limited Partnership Act. Sections 7–62–101, *et seq.*, C.R.S. (1986 Repl.Vol. 3A). He further claimed that Powell had contributed $125,000 to his partnership capital account but made withdrawals well in excess of his contribution under an unlawful Ponzi scheme.

In his motion to dismiss, Powell argued that the payments he received were payments sent to him pursuant to a limited partnership interest which he negotiated, signed, and purchased in California. The record does not reveal whether Powell knew that the partnerships were organized under a fraudulent scheme, however, he defended the propriety of his investment. Finally, he claimed that the only communications he had with HIA were to notify it as to when and where to send the income to him in California.

It is undisputed that Powell was a resident of California during all periods in question. Further, it is undisputed that all of his transactions with HIA were handled only through meetings, letters, and telephone calls when he was in California. Also, the HIA partnership agreement expressly provided that: "The Limited Partners shall be liable for the debts, liabilities and obligations of [HIA] *only* to the extent of the amount standing to their respective Capital Accounts ... and *not* in excess thereof." (emphasis added) In conjunction therewith, the partnership agreement stated: "The Limited Partners shall have no rights to participate in the management of [HIA] and shall have no authority or power to act for or bind the Partnership."

Based upon these facts, Powell filed a motion to dismiss for lack of personal jurisdiction. Having considered affidavits and other documents outside the pleadings, the trial

court treated the motion as one for summary judgment. In its ruling, the trial court stated that the payments which had been sent to Powell were made from his capital account because it was represented to him that his investment had earned substantial income. It further noted that Powell had only notified the partnership, by telephone, when and where to send the income. Therefore, the trial court found that Powell merely held a passive interest in the partnership and that such contact was too insubstantial to provide the requisite contacts with Colorado to allow the exercise of long-arm jurisdiction over him. Trustee appeals that judgment.

## I. Personal Jurisdiction

Trustee contends that, because there are material facts in dispute, the trial court erred in entering summary judgment in favor of Powell. We disagree.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Peterson v. Halsted*, 829 P.2d 373 (Colo.1992).

The moving party has the initial burden to show that there is no genuine issue of material fact. However, once the moving party has met its initial burden of production, the burden shifts to the non-moving party to establish that there is a triable issue of fact. *Schneider v. Midtown Motor Co.*, 854 P.2d 1322 (Colo.App.1992).

In determining whether summary judgment is proper, a court must accord to the non-moving party the benefit of all favorable inferences that may be reasonably drawn from all the undisputed facts and must resolve all doubts as to whether an issue of fact exists against the moving party. *Tapley v. Golden Big O Tires*, 676 P.2d 676 (Colo. 1983).

However, once the moving party makes a convincing showing that there are no genuine issues of material fact, the opposing party must demonstrate with relevant and specific facts that a real controversy exists. Thus, the opposing party may not rest upon mere allegations or denials in its pleadings, but must provide specific facts demonstrating the existence of a genuine issue for trial. *Knittle v. Miller*, 709 P.2d 32 (Colo.App.1985).

In a summary judgment context, a material fact is a fact that will affect the outcome of the case. *Vectra Bank v. Bank Western*, 890 P.2d 259 (Colo.App.1995). The determination of whether a genuine issue regarding a material fact exists is itself a question of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

Trustee argues that there is a disputed issue of material fact as to whether Powell himself was a limited partner in HIA or whether he was a partner in another partnership which was a limited partner in HIA. Assuming the former to be true, Trustee contends that such interest constitutes sufficient minimum contacts to satisfy the constitutional due process requirements for *in personam* jurisdiction under § 13–1–124(1)(a), C.R.S. (1994 Cum.Supp.) of Colorado's long-arm statute which provides that personal jurisdiction of Colorado courts extends to anyone engaging in the transaction of any business within Colorado. We perceive no error.

A party asserting personal jurisdiction over a defendant under the long-arm statute must make a prima facie showing of threshold jurisdiction. To determine whether a prima facie showing has been established, the court may consider the allegations of the complaint as well as any other evidence adduced at a hearing on a motion to dismiss. *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court*, 620 P.2d 1040 (Colo.1980).

Here, Trustee merely alleged in the complaint that Powell was a limited partner in HIA and that he had made withdrawals in excess of his investment in violation of the Colorado Limited Partnership Act. In his motion to dismiss, Powell attached his affidavit stating that he had made no business transactions in Colorado and all communications regarding his investment were either by mail or by telephone while he was in California. In response, Trustee filed an

amended complaint incorporating the allegations made in the complaint and merely attaching a copy of the partnership agreement. Powell submitted another motion to dismiss and a supplemental affidavit denying any contact with Colorado except as a partner in a partnership which in turn held a limited partnership interest in HIA.

Considering Trustee's amended complaint, the parties' briefs, and Powell's affidavits, the trial court determined that Trustee had not established sufficient contacts to warrant personal jurisdiction over Powell. The critical inquiry here is whether the exercise of *in personam* jurisdiction over Powell comports with due process of law.

In *Fleet Leasing, Inc. v. District Court*, 649 P.2d 1074, 1078 (Colo.1982), the supreme court stated:

> Due process prohibits the exercise of *in personam* jurisdiction over a non-resident defendant unless the defendant has certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945).... Thus, the relationship between the defendant and the forum state must be such that it is reasonable to require the defendant to defend the particular suit which is brought there.... The minimum contacts standard protects defendant against litigating in an inconvenient forum and, at the same time insures that the states do not overreach the limits imposed upon them by their status as co-equal sovereigns in our federal system....

Whether a nonresident defendant has purposefully availed himself of the privilege of conducting activities in Colorado depends upon the quality and nature of the defendant's conduct in Colorado. *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra.*

In *Van Schaack & Co. v. District Court*, 189 Colo. 145, 147, 538 P.2d 425, 426 (1975), the supreme court stated that, to determine the outer limits of *in personam* jurisdiction, three criteria must be met:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*See also H2O Engineering, Inc. v. Leidy's, Inc.*, 799 P.2d 432 (Colo.App.1990), *rev'd on other grounds sub nom. Leidy's, Inc. v. H2O Engineering, Inc.*, 811 P.2d 38 (Colo.1991). (*Van Schaack* test applies where the basis for jurisdiction is a single act or minimum contact).

Mere stock ownership by an out-of-state resident in a corporation which transacts business in Colorado is not sufficient to justify *in personam* jurisdiction over the out-of-state resident. *Perlman v. Great States Life Insurance Co.*, 164 Colo. 493, 436 P.2d 124 (1968). Further, where a defendant initiates a contract, which is signed out of the state, and the defendant is not required to perform in Colorado, or merely receives a check drawn on a Colorado bank or writes letters to a Colorado resident, there are not sufficient minimum contacts to justify personal jurisdiction in the forum. *See Ruggieri v. General Well Service, Inc.*, 535 F.Supp. 525 (D.Colo.1982).

Here, even if we assume that Powell himself was a limited partner in HIA, we conclude that he lacked sufficient contacts with Colorado for our courts to exercise jurisdiction over him.

Powell did not meet the first prong of the *Van Schaack* test. It is undisputed that Powell purchased his interests while in California. Further, all the documents that he signed in connection with the purchase of his interest, and all the meetings related thereto, also occurred in California. Powell did not travel to Colorado in connection with his investment and did not conduct any other business within the state. He merely received status reports through the mail and any other communications were made by

telephone. Under these circumstances, we conclude that Powell did not purposefully avail himself of the privilege of acting within Colorado or of causing important consequences within the state.

Even if we were to conclude that he met the first part of the *Van Schaack* test, Powell fails the second and third parts of that test. Specifically, this cause of action arose, not through any activity of Powell in Colorado, but rather through an alleged Ponzi scheme conducted by Colorado partnerships which the Trustee now represents. It was the alleged illegal activities of those entities in Colorado which form the basis of the Trustees' claims against Powell. However, the only contacts Powell had with Colorado were his receipt in California of payments which originated in Colorado.

Further, under the terms of the HIA partnership agreement, Powell had no right to participate in the management of the partnership and no authority to act on its behalf or to bind it. He merely held a passive investment interest in HIA. Hence, his activities in Colorado were not substantial enough to make the exercise of personal jurisdiction over him reasonable. *See Safari Outfitters, Inc. v. Superior Court*, 167 Colo. 456, 448 P.2d 783 (1968). Thus, the trial court properly determined that there were not sufficient minimum contacts by Powell to afford it personal jurisdiction over him.

Trustee relies on *Kingston v. Brussat*, 698 F.Supp. 215 (D.Colo.1988) and *Alameda National Bank v. Kanchanapoom*, 752 F.Supp. 367 (D.Colo.1990) for his argument that the exercise of jurisdiction over Powell would be reasonable here. However, those cases are distinguishable.

In *Kingston*, the defendant, an Oregon resident, executed a promissory note in Oregon requiring him to pay money to a Colorado resident with the express provision that the note be payable in Denver. Since the note expressly obligated the nonresident defendant to pay money to a Colorado resident in Colorado, and thereby contemplated that the performance or nonperformance on the note would cause important consequences in Colorado, the court found that there was a substantial enough connection to render the exercise of jurisdiction in Colorado over the defendant reasonable.

In *Alameda National Bank*, a nonresident defendant executed two promissory notes to finance dealings in Colorado real estate and made them payable to Colorado partnership and individuals. In addition, the nonresident defendant had visited Colorado concerning Colorado real estate transactions with the payees of those notes regarding other business and had engaged in a series of Colorado real estate transactions with those payees. Since the lawsuit concerning the two promissory notes arose out of the nonresident defendant's dealings in Colorado real estate, and were not isolated, but were part of a long-term investment pattern, the court concluded that the exercise of jurisdiction over him would not offend the notions of fair play and substantial justice.

Here, however, Powell's only contact with Colorado was his investment in HIA. As noted, the terms of the HIA partnership agreement expressly provided that he had no right to participate in management and no authority to act on behalf of or to bind the partnership. Thus, unlike in *Kingston*, he did not have an express obligation to act in Colorado and did not direct any business in Colorado. Rather, Powell's sole connection with Colorado was his passive investment in HIA.

Therefore, although there may be a genuine issue as to whether Powell himself was a limited partner in a Colorado partnership, it is not a fact that will affect the outcome of the case and, thus, is not material. Accordingly, we conclude that the trial court's entry of summary judgment in favor of Powell was proper.

## II. C.R.C.P. 60(b) Motion

Trustee also contends that the trial court erred in denying his C.R.C.P. 60(b) motion for relief from judgment based on newly discovered evidence. Once again we do not agree.

As an initial matter, Powell argues that this court does not have jurisdiction to consider the issue of whether the trial court

erred in denying Trustee's motion for relief under C.R.C.P. 60(b) because the motion had not been ruled on prior to trustee's filing the notice of appeal in this action and no separate appeal was filed from the trial court's later ruling on the motion. We reject this argument.

 An order denying a C.R.C.P. 60(b) motion is appealable independently of an underlying judgment and, thus, requires a separate notice of appeal. *See United Bank v. Buchanan*, 836 P.2d 473 (Colo.App.1992). However, inasmuch as this court entered an order remanding the cause for the trial court's ruling on the Trustee's C.R.C.P. 60(b) motion and, subsequently, recertified this appeal, we conclude that this court has jurisdiction over that issue.

 Considerable discretion is reposed in a trial court in resolving a motion for relief from judgment predicated on newly discovered evidence under C.R.C.P. 60(b)(5), and its ruling will not be disturbed absent a clear showing of an abuse of discretion. *Southeastern Colorado Water Conservancy District v. O'Neill*, 817 P.2d 500 (Colo.1991), *aff'd sub nom. Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust*, 854 P.2d 167 (Colo.1993).

Here, Trustee predicated his motion for relief from judgment on the deposition testimony by Powell's brother that Powell and his extended family had visited the office of one of his former partners in HIA in 1981 or 1982. According to this deposition testimony, Powell had indeed visited Colorado, but only with his family on a ski vacation. He and his family visited the general partner's office to view new computer equipment. The visit lasted for approximately fifteen minutes. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying Trustee's C.R.C.P. 60(b) motion.

Judgment affirmed.

METZGER and PLANK, JJ., concur.