**Edgar S. WILBOURN, III,
Plaintiff-Appellant,**

v.

**James C. HAGAN; Hagan Engineering,
Inc., Defendants-Appellees.**

**No. 85CA0822.**

Colorado Court of Appeals,
Div. I.

Feb. 6, 1986.

Randall W.B. Purvis, Colorado Springs, for plaintiff-appellant.

Stephen J. Sletta, P.C., Stephen J. Sletta, Colorado Springs, Lucero & Kadinger, P.C., Richard A. Kadinger, Helen Sigmond, Alamosa, for defendants-appellees.

PIERCE, Judge.

Plaintiff, Edgar S. Wilbourn III, filed this appeal from an order granting defendants' motion to quash service and dismiss without prejudice. This court, on its own motion, issued an order to show cause why the appeal should not be dismissed for lack of a final, appealable judgment, and both parties have responded. We conclude that the trial court's order is final for purposes of appeal and therefore discharge the order to show cause.

In determining whether an order is final for purposes of appeal, attention is given to the legal effect of the order rather than its form. *Levine v. Empire Savings & Loan Ass'n*, 192 Colo. 188, 557 P.2d 386 (1976). If the order finally disposes of the action and effectively prevents further proceedings, it is a final judgment for purposes of appeal. *Levine v. Empire Savings & Loan Ass'n, supra.*

The dismissal of a complaint without prejudice is generally not a final, appealable order. *B.C. Investment Co. v. Throm*, 650 P.2d 1333 (Colo.App.1982). However, if the circumstances of the case reveal that the action cannot be saved by amendment of the complaint, such dismissal is an appealable final order. *Carter v. Small Business Administration*, 40 Colo. App. 271, 573 P.2d 564 (1977).

Here, the order of dismissal was based on the trial court's determination that plaintiff could not properly invoke Colorado's long-arm statute, § 13–1–124, C.R.S. Under these circumstances, we conclude that the order constituted a final determination that defendants were not

subject to the court's jurisdiction. Thus, the order disposed of the action and prevented further proceedings as effectively as would a final judgment of dismissal. It is therefore a final order for purposes of appeal. *See Cyr v. District Court,* 685 P.2d 769 (Colo.1984).

The order to show cause is discharged and the parties are ordered to proceed with the filing of the record and briefs in accordance with C.A.R. 11 and 31.

BERMAN and STERNBERG, JJ., concur.