**H2O ENGINEERING, INC.,**
**Plaintiff–Appellant,**

v.

**LEIDY'S, INC., Defendant–Appellee.**

**No. 89CA0786.**

Colorado Court of Appeals,
Div. III.

June 28, 1990.
Rehearing Denied July 26, 1990.
Certiorari Granted Oct. 29, 1990.

The Law Offices of Richard K. Rufner, Richard K. Rufner, Sergiu L. Herscovici, Kitrina J. Anderson, Denver, for plaintiff-appellant.

Fairfield and Woods, P.C., Rocco A. Dodson, Paul V. Franke, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, H2O Engineering, Inc., a Colorado corporation, appeals from the order of the trial court dismissing its complaint against defendant, Leidy's, Inc., a Pennsylvania corporation, for lack of personal jurisdiction. We vacate the judgment and remand for further findings.

It is uncontroverted that defendant maintains no offices, agents, sales persons, or other employees within the state of Colorado, is not qualified to do business here, and does not sell its products in Colorado. All its corporate books are maintained in Pennsylvania.

During January 1988, defendant retained the services of GSEE, Inc., an environmental engineering firm whose principal place of business is in Tennessee, for the purpose of providing environmental engineering services in connection with the upgrading of defendant's manufacturing plant. That upgrading required installation of a specific piece of wastewater treatment equipment known as a DAF unit.

GSEE thereafter solicited bids on behalf of defendant from various manufacturers of DAF units, and, to that end, plaintiff's manufacturer's representative in Atlanta, Georgia, met with GSEE's president in GSEE's Tennessee office and submitted a bid on behalf of plaintiff for the manufacture of a DAF unit. GSEE submitted plaintiff's bid to defendant.

In May 1988, defendant accepted plaintiff's bid and, accordingly, sent a purchase order to its agent GSEE. GSEE, in turn, completed the order and sent it to plaintiff in Colorado.

The DAF unit was custom manufactured to defendant's specifications and delivered to its Pennsylvania plant. Defendant maintains that the DAF unit was defective, and therefore, it ceased making payments on the unit. The record is unclear as to whether defendant made its payments directly to plaintiff or if it paid plaintiff through GSEE or its representative.

Plaintiff brought suit in Colorado alleging breach of contract. Plaintiff's complaint alleged "jurisdiction is asserted herein pursuant to C.R.S. § 13–1–124 in that the Defendant and agents acting on behalf of it transacted business with H2O in the State of Colorado." Claiming that it did not have minimum contacts with Colorado to bring it within the purview of the long-arm statute, defendant responded by moving, pursuant to C.R.C.P. 12(b)(2), to dismiss the case for lack of personal jurisdiction. This motion was supported by affidavits to which plaintiff responded by affidavit. The trial court granted the motion on the basis of its sole conclusion that: "Defendant's minimum contacts with Colorado are insufficient to support jurisdiction...."

Plaintiff asserts that the defendant, by acting through its agent GSEE who had minimum contacts with Colorado to confer jurisdiction, is subject to the jurisdiction of the courts of this state. We conclude, however, that inasmuch as the trial court, in dismissing the action, made no findings regarding the issue of agency, we are not able to resolve this issue without additional findings.

## I.

### A.

■ An assertion of personal jurisdiction over a foreign defendant must satisfy both the requirements of the Colorado long-arm statute, § 13–1–124, C.R.S. (1987 Repl.Vol. 6A), and the requirements of due process of law. *D & D Fuller CATV Construction Co. v. Pace*, 780 P.2d 520 (Colo.1989)

The long-arm statute was intended to extend the personal jurisdiction of Colorado's courts to their maximum limits permissible under the United States and Colorado Constitutions. *Scheuer v. District Court*, 684 P.2d 249 (Colo.1984). It provides, in pertinent part:

"Engaging in any act enumerated in this section by any person, whether or not a resident of the State of Colorado, either in person or *by agent*, submits such person ... to the jurisdiction of the courts of this state concerning any cause of action arising from: (a) the transaction of any business within this state...." (emphasis added)

■ A person need not be physically present within the state in order for our courts to find that he is transacting business herein. *See Waterval v. District Court*, 620 P.2d 5 (Colo.1980), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). Contact with the forum state by telephone or mail may furnish the neces-

sary minimum contacts essential for the exercise of jurisdiction under the transaction of business standard. *Waterval v. District Court, supra; see McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Section 13–1–124 provides that an agent's activities on behalf of the principal may provide the acts sufficient to confer jurisdiction as if those acts were performed by the principal himself.

■ If a single act or a minimum contact is the basis of jurisdiction, the test for determining whether the activity of the non-resident falls within the limits of in-personam jurisdiction is: 1) whether the defendant has purposefully availed himself of the privilege of acting in the forum state or of causing important consequences in that state; 2) whether the cause of action arises from the consequences in the forum state of the defendant's activities; and 3) whether the activities of the defendant or the consequences of those activities constituted sufficient connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Van Schaack v. District Court*, 189 Colo. 145, 538 P.2d 425 (1975); *see also Waterval v. District Court, supra.*

Consideration of these principles with respect to the circumstances revealed by the pleadings indicates that factual issues exist whether GSEE was defendant's agent and whether its acts were sufficient to bring it within the purview of the long-arm statute. Moreover, resolution of those issues are significant to disposition of the jurisdictional claim. Thus, the question arises whether it was necessary for the trial court to address those issues specifically in support of its jurisdictional ruling.

### B.

■ C.R.C.P. 52 provides, in pertinent part, that: "In all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon.... Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12...." This language is such that it

would appear that the bare finding of the trial court concerning insufficient minimum contacts is an adequate ruling to posture the case for disposition on appeal. However, our analysis of the history of C.R.C.P. 52 and its federal counterpart lead us to conclude that additional findings are required before reasoned appellate review is possible.

C.R.C.P. 52 is, for all purposes here relevant, the exact counterpart, of Fed.R.Civ.P. 52(a). Accordingly, absent contrary Colorado law, authorities interpreting the federal rule, although not binding, are persuasive. *See Moore & Co. v. Triangle Construction & Development Co.*, 44 Colo. App. 499, 619 P.2d 80 (1980).

As originally enacted, both Fed.R.Civ.P. 52(a) and C.R.C.P. 52 provided that findings of fact and conclusions of law should be made in all actions "tried upon the facts" by the court, and in the granting or refusing of interlocutory injunctions. Both the federal and state rules were silent as to the necessity of findings on motions other than those pertaining to interlocutory injunctions.

Fed.R.Civ.P. 52(a) was amended in 1946 to add what is presently the last sentence in both the federal and Colorado versions. *See* 28 U.S.C.A. at 17–18 (1982). As a noted commentator has observed: "While there had been some confusion, the [1946] amendment is mainly clarifying in nature and a statement of what most of the cases had held.... The 1946 amendment should be read in conjunction and harmonized with the earlier provision of the Rule requiring findings in all actions 'tried upon the facts.' " 5A J. Moore, *Moore's Federal Practice* ¶ 5208 (1980); *see Becker v. Becker*, 262 N.W.2d 478 (N.Dak.1978).

The Notes of the Advisory Committee on 1946 Amendments to the Rules indicate that the purpose of the now-last sentence was to incorporate existing judicial interpretations into the rule. *See* 28 U.S.C.A. at 18 (1982); *Williamson v. Tucker*, 645 F.2d 404 (5th Cir.1981), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

Prior to the 1946 change in Fed.R.Civ.P. 52(a), most courts held that findings of fact were required on dispositions of motions which rested on factual determinations, *e.g.*, motions under Fed.R.Civ.P. 12 based on disputed facts, although findings were not required to be made on decisions of motions which did not rest on factual determinations, *e.g.*, motions for summary judgment under Fed.R.Civ.P. 56 and motions directed at the pleadings under Fed.R. Civ.P. 12. *Williamson v. Tucker, supra; see King v. Wall & Beaver Street Corp.*, 145 F.2d 377 (D.C.App.1944); *see also* 4 Federal Rules Digest 52a.1 (2d ed. 1955).

The findings required by Fed.R.Civ.P. 52(a) serve three purposes: they aid the appellate court by helping it to understand the basis of the trial court's decision; they clarify the precise issues which are decided by the court in order to allow the doctrines of collateral estoppel and res judicata to operate in future cases; and they insure care on the part of the trial court in ascertaining the facts. *See* Note of the Advisory Committee on 1946 Amendments to Fed. R.Civ.P. 52(a), 28 U.S.C.A. at 17–18 (1982); *Williamson v. Tucker, supra;* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2571 (1971); 5A J. Moore, *Moore's Federal Practice*, ¶¶ 52.01[4], 52.06[1] (1980); *see also Reed v. Reed*, 154 Ariz. 101, 740 P.2d 963 (Ariz.App.1987); *Sheridan v. Sheridan*, 267 A.2d 343 (D.C.App.1970). Those purposes need also to be served in cases arising under C.R.C.P. 52.

Litigants have a right to have their complaints, made in good faith, passed upon by the reviewing court. *Rossi v. Colorado Pulp & Paper Co.*, 88 Colo. 461, 299 P. 19 (1931). However, when, as here, a motion under C.R.C.P. 12, which is grounded in disputed fact, is granted, a literal reading of C.R.C.P. 52 all but prevents such meaningful review. *See In re Matter Begay*, 107 N.M. 810, 765 P.2d 1178 (N.M.App. 1988) (dismissal for lack of subject matter jurisdiction requires findings of fact).

In all but the simplest cases, findings prove "not only helpful, but essential." *See Jot–Em–Down Store (JEDS) Inc. v. Cotter & Co.*, 651 F.2d 245 (5th Cir.1981).

Further, when factual issues must be resolved in ruling on such a motion under any of the above rules, such issues require findings of fact in their disposition. Consequently, despite the contrary language of C.R.C.P. 52, we conclude that it is more consistent with the purpose of both Fed.R. Civ.P. 52(a) and C.R.C.P. 52, as well as with the intent of the federal Advisory Committee on Rules, to read C.R.C.P. 52 as a whole to require findings of fact whenever a decision under C.R.C.P. 12 rests on factual determinations. 5A J. Moore, *Moore's Federal Practice*, ¶ 52.08 (1980); *see Williamson v. Tucker, supra; see also Interpace Corp. v. City of Philadelphia*, 438 F.2d 401 (3d Cir.1971) (Adams, J., dissenting); *Myers v. American Dental Ass'n*, 695 F.2d 716 (3d Cir.1982) (Garth, J., concurring and dissenting), *cert. denied*, 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1982).

C.R.C.P. 12(d) contemplates a hearing and determination by the court of factual matters essential to a resolution of C.R. C.P. 12(b) defenses. And, we conclude that procedural due process requires that, in these instances, findings of fact must be made on the record for informed appellate review. *See Mau v. E.P.H. Corp.*, 638 P.2d 777 (Colo.1981); *Guthrie v. Barda*, 188 Colo. 124, 533 P.2d 487 (1975).

Accordingly, we hold that, insofar as a motion to dismiss for lack of jurisdiction over the person—as well as for lack of subject matter jurisdiction, insufficiency of process, and insufficiency of service of process—raises only a question of law, a trial court need make no findings, even though the motion is sustained and the action is dismissed. However, when, as here, factual issues must be resolved in ruling on such a motion under C.R.C.P. 12, such issues require findings of fact in their disposition.

Here, the record reflects that GSEE may have been defendant's agent for the transaction of business with plaintiff. The trial court, however, made no findings concerning the extent of those activities. In concluding that defendant had insufficient minimum contacts, the court did not find whether GSEE, as defendant's agent, had

contacts resulting from the subject transaction sufficient to confer jurisdiction in the Colorado courts; nor did it apply the "single-act test" enunciated in *Van Schaack v. District Court, supra.*

Absent findings addressing these issues, we conclude that the record before us is insufficient to allow us to make an informed ruling regarding the dismissal of this case.

Accordingly, the judgment of dismissal is vacated, and the cause is remanded to the district court with directions that it hold a hearing as provided by C.R.C.P. 12(d) and enter factual findings relative to the agency relationship between the defendant and GSEE and GSEE's activities on behalf of the defendant which may confer jurisdiction on the Colorado Court and rule on defendant's motion consistent with those findings.

STERNBERG and PLANK, JJ., concur.