**Dixon Frick BURDEN, on behalf of himself and other shareholders of Raico International Ltd., a Delaware corporation, and Raico International Ltd., by Dixon Frick Burden, acting on a shareholder derivative basis, Plaintiffs–Appellants,**

v.

**Rainer GREEVEN and Raico International, Ltd., believed to be a Delaware corporation, Defendants–Appellees.**

No. 96CA1659.

Colorado Court of Appeals, Div. IV.

Jan. 22, 1998.

George M. Allen, Naturita, for Plaintiffs–Appellants.

John H. Steel, Telluride, for Defendants–Appellees.

Opinion by Judge ROY.

Plaintiffs, Dixon Frick Burden, individually and on behalf of the shareholders of RAICO International, Ltd., and RAICO International, Ltd., appeal the dismissal of their complaint on a motion by defendants, Rainer Greeven and RAICO International, Ltd. We vacate the order of dismissal.

On December 29, 1995, plaintiff Burden filed a complaint seeking an accounting from RAICO International, Ltd., and damages from both defendants based on alleged fraud, conversion of corporate funds, and breach of fiduciary duty. An amended complaint naming Burden as plaintiff, both individually and on behalf of the shareholders of RAICO International, Ltd., and RAICO International, Ltd., as plaintiffs, as well as adding a claim for self-dealing, was subsequently filed.

Instead of filing an answer, defendants filed a motion to dismiss pursuant to C.R.C.P. 12(b)(2), alleging (1) that the trial

court lacked personal jurisdiction over the defendants under the long-arm statute, § 13–1–124, C.R.S.1997, (2) that the trial court lacked personal jurisdiction over Greeven individually, (3) that Burden was not the real party in interest pursuant to C.R.C.P. 17(a), and (4) that the allegations of fraud were not pled with sufficient particularity pursuant to C.R.C.P. 9(b). The motion to dismiss was accompanied by a brief addressing all of the issues and several affidavits addressing the jurisdictional issues. Plaintiffs filed a brief in opposition to the motion to dismiss together with supporting affidavits; and, prior to any ruling by the court on defendants' pending motion to dismiss, they also filed a notice of dismissal pursuant to C.R.C.P. 41(a)(1)(A).

The trial court, without a hearing, concluded that it had no *in personam* jurisdiction over defendants, and accordingly, it dismissed the action without prejudice. The trial court further concluded that, in light of its determination with respect to personal jurisdiction, plaintiffs' notice of dismissal was moot.

■ As a result, plaintiffs initiated this appeal in which they contend that the trial court erred in granting defendants' motion to dismiss following the filing of their C.R.C.P. 41(a)(1)(A) motion. They argue that, pursuant to C.R.C.P. 41(a)(1)(A), their complaint was dismissed immediately upon the filing of the notice of dismissal and that the trial court was, therefore, divested of jurisdiction to rule on defendants' motion to dismiss. We agree.

■ At the outset, we address a jurisdictional issue not raised by the parties. An order dismissing an action without prejudice is not appealable. *See Schoenewald v. Schoen*, 132 Colo. 142, 286 P.2d 341 (1955). One exception to that rule occurs when, as here, the action cannot be saved by amendment to the complaint and the dismissal is based on the trial court's determination that Colorado's long arm statute cannot be invoked to obtain jurisdiction over the defendant. In that event the dismissal is effectively a final judgment. *Wilbourn v. Hagan*, 716 P.2d 485 (Colo.App.1986). Therefore, we conclude we have jurisdiction. Under C.R.C.P. 41(a)(1)(A), if an answer or motion

for summary judgment has not been filed, a plaintiff need only file a notice of dismissal with the court in order to close the file, and the case will stand dismissed without further court order. *Alexander v. Morrison–Knudsen Co., Inc.*, 166 Colo. 118, 444 P.2d 397 (1968); *see also Cartwright v. Colorado Bank of Walsh, Inc.*, 658 F.Supp. 240 (D.Colo. 1987).

■ Defendants here did not file an answer or a motion for summary judgment. They assert, however, that their C.R.C.P. 12(b) motion to dismiss was converted into a motion for summary judgment because it was accompanied by affidavits concerning matters outside of the pleadings and that, therefore, notice of dismissal pursuant to C.R.C.P. 41(a)(1)(A) was precluded.

Although the Colorado courts have not addressed this issue, it has been addressed by the federal courts applying essentially identical federal rules. We find the federal case law and authorities persuasive. *See Forbes v. Goldenhersh*, 899 P.2d 246 (Colo.App. 1994).

Most federal courts have adopted a bright line rule permitting a notice of dismissal pursuant to Fed.R.Civ.P. 41, so long as an answer or motion for summary judgment has not been filed, even though the merits of an action may be reached by procedural devices other than an answer or a motion for summary judgment. 8 *Moore's Federal Practice* § 41.33[5][c][vii] (3d ed.1997).

Thus, a plaintiff's right to file a notice of dismissal pursuant to Fed.R.Civ.P. 41 is not defeated by the filing of a motion to dismiss under Fed.R.Civ.P. 12(b), unless the motion to dismiss alleges failure to state a claim under Fed.R.Civ.P. 12(b)(6) and is converted to a motion for summary judgment. *Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc.*, 474 F.2d 250 (5th Cir.1973); 8 *Moore's Federal Practice* § 41.33[5][c][viii][A] (3d ed.1997); *see also Dunlap v. Colorado Springs Cablevision, Inc.*, 829 P.2d 1286 (Colo.1992).

■ Here, defendants' motion to dismiss was premised on C.R.C.P. 9(a), C.R.C.P. 12(b)(2), and C.R.C.P. 17(a). The motion to

dismiss did not allege that plaintiffs' complaint failed to state a claim pursuant to C.R.C.P. 12(b)(5), the Colorado counterpart to Fed.R.Civ.P. 12(b)(6), and it was not subject to conversion to a motion for summary judgment. C.R.C.P 12(b). Thus, plaintiffs' right to file a notice of dismissal was not defeated by defendants' motion to dismiss. *See Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc., supra; 2 Moore's Federal Practice* § 12.24[3][a] (3d ed.1997).

Defendants' reliance on *Sender v. Powell,* 902 P.2d 947 (Colo.App.1995) is misplaced. The propriety of treating a motion to dismiss filed pursuant to C.R.C.P. 12(b)(2) as a motion for summary judgment was neither raised by the parties nor addressed by the court in *Sender.*

■ To the extent, if any, *Sender* can be read to hold or imply that a motion to dismiss filed pursuant to C.R.C.P. 12(b)(2) may be converted to a motion for summary judgment, we disagree with it. A motion to dismiss for lack of personal jurisdiction remains a motion to dismiss regardless of whether affidavits are considered, an evidentiary hearing is conducted, or other matters outside of the pleadings are considered. 2 *Moore's Federal Practice* §§ 12.31[5] and 12.34[3][a] (3d ed.1997); *see also H2O Engineering, Inc. v. Leidy's, Inc.,* 799 P.2d 432 (Colo.App.1990), *rev'd on other grounds,* 811 P.2d 38 (Colo.1991).

Thus, we conclude that plaintiffs' notice of dismissal was filed in compliance with C.R.C.P. 41(a)(1)(A) and operated to dismiss the complaint upon filing. Thereafter, the trial court's limited jurisdiction did not extend to ruling on defendants' motion to dismiss. *See Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc., supra; Cartwright v. Colorado Bank of Walsh, Inc., supra; Alexander v. Morrison–Knudsen Co., Inc., supra.*

■ Finally, we reject defendants' assertion that this appeal presents an issue that is moot. Although the action will remain dismissed following the appeal, the manner of dismissal is of some consequence as to plaintiffs' ability to pursue an action in federal court asserting the same claims and arising out of the same transaction. *See* C.R.C.P. 41(a)(1)(A); *Cartwright v. Colorado Bank of Walsh, supra; Wilbourn v. Hagan, supra.* Thus, the appeal is not moot. *See American Drug Store, Inc. v. Denver,* 831 P.2d 465 (Colo.1992).

The order dismissing the action based upon defendants' motion to dismiss is vacated.

NEY and MARQUEZ, JJ., concur.