**SPRING CREEK RANCHERS ASSOCIATION, INC.,**
Applicant–Appellee

v.

Joyce C. McNICHOLS, Kenneth J. McNichols, and Gerald Lewis, Opposers–Appellants

and

Alan Martellaro, Division Engineer for Water Division 5; Harold Simpson, Colorado State Engineer; Shadow Creek Owners' Association; Galloway, Inc.; and Halena Lewis, Opposers.

No. 05SA326.

Supreme Court of Colorado, En Banc.

June 25, 2007.

Rehearing Denied Aug. 27, 2007.*

Caloia, Houpt & Hamilton, P.C., Jefferson V. Houpt, Robert C. Gavrell, Glenwood Springs, Colorado, Attorneys for Applicant–Appellee Spring Creek Ranchers' Association, Inc.

Alison Maynard Denver, Colorado, Attorney for Opposers–Appellants Joyce C. McNichols, Kenneth J. McNichols, and Gerald Lewis.

No appearance by or on behalf of Opposers: Alan Martellaro, Division Engineer for Water Division 5; Harold Simpson, Colorado State Engineer; Shadow Creek Owners' Association; Galloway, Inc.; and Halena Lewis.

* Justice Bender does not participate.

PER CURIAM.

This is an appeal from an order of the District Court, Water Division 5 ("water court") awarding attorney fees to the appellee under section 13–17–102, C.R.S. (2006), and allowing the recusal of Judge Petre from this case. Because the evidence in the record is sufficient to support the water court's findings, we affirm the water court's order.

## I. Facts and Procedural History

The appellants (the "Individual Homeowners") filed a Protest to the Ruling of the Referee (the "Protest") that granted the appellee's application for water rights. The appellee is the homeowners' association for the Spring Creek Ranch Subdivision (the "Association") located in Summit County, Colorado. The Protest was referred to Judge Ossola just before he announced his retirement. The matter was transferred to another judge who had a potential conflict and recused himself. The Protest was then reassigned to Judge Petre. Judge Petre recused himself presumably because he had been the water referee who had made the order the Individual Homeowners were protesting. The matter was then referred to the State Court Administrator and was reassigned the case to Judge Ossola, sitting as a Senior Judge. The Individual Homeowners moved for the reinstatement of Judge Petre but the motion was orally denied by Judge Ossola at a March 23, 2005 preliminary hearing.

At the September 14, 2005 hearing on the Protest, Judge Ossola warned the Individual Homeowners' attorney to not relitigate the issues of whether the Association represented the interests of Spring Creek Ranch Subdivision and whether a settlement that the Association had entered into was valid. The water court referee had decided those issues and had held that the Association's Board of Directors was the duly authorized Board and, as such, could enter into a settlement on behalf of the Spring Creek Ranch Subdivision.

Notwithstanding Judge Ossola's warning, the Individual Homeowners and their attorney continued to raise the issue that the Association was not empowered to act on the Subdivision's behalf. As a result of this continued disregard of the court's orders, Judge Ossola found that the Individual Homeowners and their attorney were being "stubbornly litigious" and unnecessarily prolonging the water court proceedings. Consequently, the court held the Individual Homeowners and their attorney jointly and severally liable for $15,877.93 in attorney fees. The Individual Homeowners and their attorney appeal the water court's acceptance of Judge Petre's recusal and its award of attorney fees.

## II. Recusal of Judge Petre

■ "In a civil case, the trial judge's decision whether to disqualify himself or herself is discretionary and will not be reversed unless an abuse of discretion is shown." *Zoline v. Telluride Lodge Ass'n,* 732 P.2d 635, 639 (Colo.1987). A judge may recuse himself or herself sua sponte without written explanation or specific findings on the record. *Beckord v. Dist. Ct.,* 698 P.2d 1323, 1328 (Colo.1985).

■ In this case, Judge Petre recused himself presumably because he had been the water referee on the Association's water application before he was appointed to the District Court bench. Consistent with *Beckord,* Judge Petre was not required to provide a reason for his recusal on the record. In addition, even though under the Colorado Code of Judicial Conduct, a judge *"may,* instead of withdrawing from the proceeding, disclose on the record the basis of the judge's disqualification," there is no requirement that he or she make such a disclosure and seek remittal of the disqualification. C.J.C. 3(D) (2006) (emphasis added). Finally, we find no abuse of discretion in Judge Petre's decision to recuse himself under *Zoline.* 732 P.2d at 639.

## III. Attorney Fees

■ A judge can assess attorney fees if an attorney or party brings an action or defends an action "that lacked substantial justification." § 13–17–102(4), C.R.S. (2006). An action "lacks substantial justification" if it is "substantially frivolous, substantially ground-

less, or substantially vexatious." *Id.* In determining the amount of attorney fees, the court shall exercise its sound discretion. § 13–17–103, C.R.S. (2006). Therefore, we will review the Individual Homeowners' claim as to attorney fees under an abuse of discretion standard and will only reverse a trial court's finding if it is not supported by the evidence. *In re Application of Talco, Ltd.,* 769 P.2d 468, 475–76 (Colo.1989); *see also Weber v. Wallace,* 789 P.2d 427, 429 (Colo. App.1989).

In this matter, the record adequately supports the trial court's finding that the Individual Homeowners and their attorney continued to relitigate a settled issue against the water court's warning. In fact, the Individual Homeowners' attorney attempted to relitigate the issue from the very beginning in her opening statement. "They have a so-called board of directors who is working for the other side . . . I know your honor barred us from making these arguments, but that's what's going on here." (R. Vol. VII at 26.) Similar statements and questions were made throughout the trial transcript. Based on these actions, the water court held that the attorney was being "stubbornly litigious." In addition, these repetitive arguments lacked substantial justification and lengthened the water court proceeding. Therefore, based on the record, the water court did not abuse its discretion in awarding a reasonable amount of attorney fees to the Association under section 13–17–102(4).

## IV.  Conclusion

There was no abuse of discretion in this case as to the recusal of Judge Petre nor the imposition of attorney fees. For these reasons, we affirm the water court's May 18, 2006 order.