24CA0719 Casper v Pitkin 05-15-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0719
Pitkin County District Court No. 22CV10
Honorable Denise K. Lynch, Judge

---

Jeremiah Casper,

Plaintiff-Appellant,

v.

Pitkin County Sheriff's Office, Joe DiSalvo, Kim Vallario, Brad Gibson, Levi Borst, Zane Sisneros, and Richard Y. Neiley III,

Defendants-Appellees.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE MOULTRIE
Lipinsky and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

---

Jeremiah Casper, Pro Se

Richard Y. Neiley III, County Attorney, Aspen, Colorado, for Defendants-Appellees

¶ 1     Plaintiff, Jeremiah Casper, appeals the district court's dismissal of his civil contempt action filed against defendants, the Pitkin County Sheriff's Office, Joe DiSalvo, Kim Vallario, Brad Gibson, Levi Borst, and Zane Sisneros (collectively, the Sheriff Defendants).[1] We affirm in part and reverse in part and remand with directions.

## I.     Background

### A.     The 2020 Lawsuit

¶ 2     In 2020, Casper filed a complaint in the Pitkin County District Court (the 2020 lawsuit) alleging that he suffered "a multitude of constitutional deprivations" while in the custody of the Pitkin County Sheriff's Office for presentence confinement related to a theft and burglary case. Casper further alleged that the Sheriff

---

[1] Casper later sought to add "Aspen Mayor Torre" and Richard Y. Neiley III (Attorney Neiley) as defendants. Casper added "Aspen Mayor Torre" by amending his complaint as a matter of course pursuant to C.R.C.P. 15(a). Casper later filed a motion for leave to amend to add as an additional defendant Attorney Neiley, the assistant county attorney who represented Pitkin County in Pitkin County Case No. 20CV20 and the contempt action underlying this appeal. The court never granted Casper leave to add Attorney Neiley to the case, however.

Defendants were liable to him for $8,005,219 in damages because they deprived him of his constitutional rights.[2]

¶ 3   Upon Casper's motion, the court issued an order granting summary judgment on liability in Casper's favor in July 2022 (the July 2022 order) based on the court's finding that the defendants in the 2020 lawsuit had neither filed an answer nor a response to Casper's summary judgment motion.  After the court issued the July 2022 order, Casper filed several requests to set a damages hearing.  About a week after the court issued the July 2022 order, the Sheriff Defendants filed a "Motion to Set Aside Summary Judgment" that the court granted in March 2023 (the March 2023 order).  The March 2023 order thus set aside the July 2022 order.  The court never set a hearing on damages or otherwise determined the amount of damages, if any, to which Casper was entitled in the 2020 lawsuit.  The 2020 lawsuit remains pending.

### B.   The 2022 Contempt Lawsuit

¶ 4   In November 2022, Casper filed a separate civil action seeking contempt of court against the Sheriff Defendants (the 2022

---

[2] Casper did not name Attorney Neiley or "Aspen Mayor Torre" as defendants in the 2020 lawsuit.

contempt lawsuit), which is the basis for this appeal. Casper alleged that the Sheriff Defendants were in contempt of court for failing to pay him the $8,005,219 in damages that he claimed the court awarded to him in the 2020 lawsuit. He also sought an additional $4,400,000 in financial compensation — $400,000 of which he asserted was for his "mental anguish," while the other $4,000,000 was "financial leverage" to compel the Sheriff Defendants to comply with the July 2020 order.

C.     The Judgment in the 2022 Contempt Lawsuit

¶ 5     In March 2024, the court entered an order dismissing the 2022 contempt lawsuit with prejudice (the judgment) on the grounds that Casper's contempt complaint was not ripe for adjudication, and therefore, the court lacked subject matter jurisdiction. To support its conclusion that Casper's contempt complaint wasn't ripe, the court found:

- The March 2023 order set aside the July 2022 order, which Casper sought to enforce.

- The July 2022 order wasn't valid or enforceable because of the March 2023 order.

3

- Casper's claims were "neither real, nor fit for judicial decision, because they involve speculation about the future actions of another district court judge and the future actions of the defendants in [the 2020 lawsuit] when/if there is ultimately a monetary award of damages entered."

- Until an order for damages was entered in the 2020 lawsuit, Casper wasn't entitled to any of the remedies he sought in the 2022 contempt lawsuit — garnishment of wages and judgment liens against property.

¶ 6    Casper's primary contention on appeal is that the court improperly dismissed the 2022 contempt lawsuit because of judicial bias. Specifically, he asserts that Chief Judge John Neiley "intercepted jurisdiction of [the 2022 contempt lawsuit]" and reassigned the case to Judge Denise Lynch, who was biased against him, in violation of C.R.C.P. 97. Casper further argued that Judge Lynch improperly "dismissed [the 2022 contempt lawsuit] for personal reasons." In sum, he asserts that the court "prematurely" dismissed the 2022 contempt lawsuit and did so only to benefit Attorney Neiley because of his familial relation to Chief Judge

4

Neiley.[3]  He also asserts that he was entitled to a default judgment because the Sheriff Defendants defaulted under C.R.C.P. 12(a) when they failed to respond to his complaint after being properly served.

¶ 7     As an initial matter, we decline to address Casper's contention that he was entitled to a default judgment in the 2022 contempt lawsuit because, as discussed below, he didn't properly preserve this issue for our review.  Then we discuss the legal principles applicable to the disqualification of a judge and allegations of judicial bias.  Applying these principles, we conclude that Chief Judge Neiley didn't violate Rule 97 when he transferred the 2022 contempt lawsuit to Judge Lynch, and we reject Casper's assertion that Judge Lynch dismissed his contempt complaint because of actual bias.  Finally, while we disagree with Casper's contention that the court erred by "prematurely" dismissing his complaint, we conclude the court erred by dismissing it with prejudice.

---

[3] Attorney Neiley is the nephew of Ninth Judicial District Chief Judge John Neiley.  Casper also appears to allege various errors related to the court's handling of the 2020 lawsuit.  To the extent that Casper is asking us to review alleged errors arising out of that case, we lack jurisdiction to do so because that case is not before us.

## II. Casper Didn't Properly Preserve His Argument That He Is Entitled to Default Judgment

¶ 8 We have an "independent, affirmative duty to determine whether a claim is preserved." *Forgette v. People*, 2023 CO 4, ¶ 15 (citation omitted). And in civil cases, we will not review insufficiently preserved issues. *Ortiz v. Progressive Direct Ins. Co.*, 2024 COA 54, ¶ 40 (*cert. granted* Apr. 14, 2025).

¶ 9 Casper filed a motion for default judgment[4] in which he argued that Mayor Torre defaulted under C.R.C.P. 12(a) by failing to file a response to Casper's complaint. But Casper doesn't direct us to any place in the record where the court ruled on his motion for default judgment, nor have we been able to find any place in the record where the court made factual findings or legal conclusions regarding that motion. Thus, this issue is not properly preserved, and we decline to address it further. *See Forgette*, ¶ 21 ("[A] party must present the trial court with 'an adequate opportunity to make

---

[4] Casper's motion is titled "Motion for summary judgement [sic] per CRCP 56 due to defendant non answer provision per CRCP 12(a)(1)." Notwithstanding the title of Casper's motion, his argument concerns whether the court erred by not entering default judgment against Mayor Torre. *Alpha Spacecom, Inc. v. Hu*, 179 P.3d 62, 65 (Colo. App. 2007) ("The substance of a [pleading], rather than the title applied to it, is controlling.").

findings of fact and conclusions of law on any issue before [an appellate court] will review it.'") (citation omitted).

### III. Casper Hasn't Demonstrated that Chief Judge Neiley Violated Rule 97 or that Judge Lynch was Actually Biased

#### A. Additional Background

¶ 10 The judicial officer who originally presided over the 2020 lawsuit and two prior criminal proceedings involving Casper — Judge Christopher Seldin — also initially presided over the 2022 contempt lawsuit. Because of Casper's expressed concerns regarding retaliation and unfairness, Judge Seldin issued an order in February 2024 disqualifying himself (the disqualification order) from presiding over the 2022 contempt lawsuit to "promote confidence in the judiciary and eliminate any perceived appearance of impropriety."

¶ 11 In the disqualification order, Judge Seldin noted Casper's concerns about Chief Judge Neiley's involvement in reassigning the 2022 contempt lawsuit because Chief Judge Neiley is related to Attorney Neiley. The following week, Chief Judge Neiley reassigned the 2022 contempt lawsuit to Judge Lynch for all future proceedings.

## B.    Applicable Legal Principles

### 1.    Judicial Disqualification

¶ 12    Rule 97, which governs judicial disqualification, states that "[a] judge shall be disqualified in an action in which [they are] interested or prejudiced" or in which they are "so related or connected with any party . . . as to render it improper for [the judge] to sit on the trial, appeal, or other proceeding therein." Rule 97 also authorizes judges to disqualify themselves on their own motion. If a judge decides to disqualify themself, the recusing judge must notify the chief judge of the district. C.R.C.P. 97. The chief judge must then assign another judge in the district to hear the action. *Id.*

¶ 13    When a judge considers disqualifying themself from presiding over a matter, they "must consider not only the reality but also the appearance of bias," as the perception of partiality impairs the judicial process. *Wilkerson v. Dist. Ct.*, 925 P.2d 1373, 1376 (Colo. 1996). With respect to an appearance of bias, Colorado Code of Judicial Conduct Rule 2.11(A)(1) requires that a judge disqualify themself if their impartiality might reasonably be questioned. *Sanders v. People*, 2024 CO 33, ¶ 45. Appearance of bias exists when the facts show that a judge's involvement with a case might

8

create the appearance of impropriety. *People in Interest of A.G.*, 262 P.3d 646, 650 (Colo. 2011). However, while a judge's involvement in a case may create an appearance of impropriety warranting recusal, that alone doesn't imply the judge was biased. *People in Interest of A.P.*, 2022 CO 24, ¶ 29. Only when there is evidence of actual bias will the reliability of a result of a proceeding be questioned. *Id.*

¶ 14     Assessing whether a judge is actually biased focuses on the subjective motivations of the judge and exists when the judge "will be unable to deal fairly with a party." *Id.* at ¶ 28. To prove actual bias, a party must demonstrate that the judge had a "substantial bent of mind" against them. *Id.* at ¶ 30 (citation omitted). The record must clearly demonstrate the alleged bias, and "[b]are assertions and speculative statements are insufficient" to prove actual bias. *Id.* "Unless a reasonable person could infer from the facts that the judge would in all probability be prejudiced against the party, the judge must preside over the case." *Wilkerson*, 925 P.2d at 1376.

## 2.    Standard of Review

¶ 15    In civil cases, a judge's decision to disqualify themself is discretionary.  *Spring Creek Ranchers Ass'n v. McNichols*, 165 P.3d 244, 245 (Colo. 2007).  We won't reverse a judge's recusal decision in the absence of an abuse of discretion.  *Id.*  A court abuses its discretion when its ruling is "manifestly arbitrary, unreasonable, or unfair" or when it misapplies the law.  *Rains v. Barber*, 2018 CO 61, ¶ 8 (citation omitted).

### C.    Analysis

#### 1.    Chief Judge Neiley Didn't Violate Rule 97

¶ 16    Relying on *Aaberg v. District Court*, 319 P.2d 491 (Colo. 1957), Casper asserts that Chief Judge Neiley "intercepted jurisdiction of [the 2022 contempt lawsuit]" to appoint Judge Lynch in violation of Colorado law.  We disagree.

¶ 17    Casper relies on the supreme court's reasoning in *Aaberg* to argue that when a judge presiding over a case recuses themself because of a party's assertion that the judge is biased, the judge may not select their own successor.  *See Aaberg*, 319 P.2d at 493. Casper therefore argues that Chief Judge Neiley violated Rule 97 when he reassigned the case to Judge Lynch.

¶ 18　　A disqualified judge is prohibited from performing adjudicative functions related to the proceeding from which they are disqualified. *See* C.R.C.P. 97. But the reassignment of cases is an administrative function, not an adjudicatory function. *See People v. Rodriguez*, 799 P.2d 452, 453 (Colo. App. 1990) ("The power of assignment relates to the procedure by which the judicial system functions. It involves none of the substantive rights of the litigants."). Thus, Casper's reliance on *Aaberg* is misplaced.

¶ 19　　Unlike the judge in *Aaberg*, the record doesn't indicate that Chief Judge Neiley ever presided over the 2022 contempt lawsuit. Instead, the 2022 contempt lawsuit was initially assigned to Judge Seldin, and upon his self-disqualification, Chief Judge Neiley exercised his administrative authority as the chief judge of the judicial district to reassign the case to Judge Lynch, as required by Rule 97. Accordingly, we reject Casper's assertion.

### 2.　Casper Hasn't Demonstrated that Judge Lynch was Actually Biased

¶ 20　　Casper asserts that "Judge Lynch has a history of misadministrating [sic] cases involving [him] in which she has demonstrated a bias toward [him]." He asserts she was actually

11

biased in this case because she dismissed the 2022 contempt lawsuit to benefit the Neiley family. In support of his claim that Judge Lynch was biased against him, Casper points to another case — Garfield County Case No. 21CV5 (the Garfield County case) — over which Judge Lynch presided, and a division of this court reversed in part. Casper also asserts that Chief Judge Neiley reassigned the 2022 contempt lawsuit to Judge Lynch because of her previous involvement in the Garfield County case and its outcome on appeal. We are unpersuaded.

¶ 21 Casper relies on conclusory statements and speculative allegations to assert that Judge Lynch was biased against him in this case because she issued rulings against him in the Garfield County case that a division of this court reversed. Nothing in our review of Judge Lynch's rulings in the 2022 contempt case demonstrates that she had a subjective motivation for Casper's claims to fail or that she had a "substantial bent of mind" against him. *A.P.,* ¶ 30 (citation omitted). And Casper provides no legal authority in support of his argument that a judge's adverse rulings equate to actual bias or prejudice.

¶ 22　　Indeed, Casper's argument is contrary to case law that says a judge's prior adverse rulings, even if erroneous, numerous, and continuous, aren't sufficient in themselves to show bias or prejudice. *See A.P.,* ¶ 32 (citing *Schupper v. People,* 157 P.3d 516, 521 n.5 (Colo. 2007)); *People v. Lanari,* 926 P.2d 116, 119 (Colo. App. 1996) ("[A] judge's rulings on issues presented in prior proceedings, even if erroneous, are insufficient by themselves to demonstrate disqualifying bias or prejudice."); *Goebel v. Benton,* 830 P.2d 995, 1000 (Colo. 1992) (rejecting contention that a judge's delay and unfavorable rulings were bases for disqualification); *see also Prefer v. PharmNetRx, LLC,* 18 P.3d 844, 851 (Colo. App. 2000) (rejecting contention that the judge was biased against the plaintiff because of the plaintiff's numerous pro se pleadings).

¶ 23　　Accordingly, we conclude that the record doesn't support, nor do Casper's conclusory assertions demonstrate, that Judge Lynch was actually biased against Casper. *See People v. Drake,* 748 P.2d 1237, 1249 (Colo. 1988) (mere speculative statements and conclusions are insufficient to prove bias).

## IV. The Court Didn't Err by "Prematurely" Dismissing the 2022 Contempt Complaint, but It Did Err by Dismissing It with Prejudice

¶ 24    It is the plaintiff's burden to prove that a court has subject matter jurisdiction to hear a case; a court lacks subject matter jurisdiction to decide an issue that is not ripe for adjudication. *DiCocco v. Nat'l Gen. Ins. Co.,* 140 P.3d 314, 316 (Colo. App. 2006).

¶ 25    Recall that the court determined that Casper's claims were "neither real, nor fit for judicial decision" because they were speculative claims related to the 2020 lawsuit.  In other words, the court determined that Casper's claims were unripe.  Casper concedes that the outcome of the 2022 contempt lawsuit is reliant on the outcome of the 2020 lawsuit, and that the court in the 2020 lawsuit hasn't resolved his request for damages.  Despite recognizing this procedural posture, Casper argues that Judge Lynch prematurely dismissed the 2022 contempt lawsuit.

¶ 26    But Casper doesn't present any arguments challenging the court's determination that it lacked subject matter jurisdiction because his claims were unripe.  Thus, his argument is undeveloped, and we decline to further review it.  *See People v. Thompson,* 2017 COA 56, ¶ 199.

¶ 27    Nevertheless, we disagree with the court's dismissal of the 2022 contempt lawsuit with prejudice.

¶ 28    "It is well-settled in Colorado that a dismissal for lack of subject matter jurisdiction is not a judgment on the merits, and therefore does not preclude a subsequent action on the same claim in a proper forum." *In re Estate of Murphy*, 195 P.3d 1147, 1153 (Colo. App. 2008). And "[a] dismissal under C.R.C.P. 12(b)(1) is not an adjudication on the merits, but rather is the result of a court lacking the power to hear the claims asserted." *Grant Bros. Ranch, LLC v. Antero Res. Piceance Corp.*, 2016 COA 178, ¶ 35. "[T]he words 'with prejudice' in [an] order of dismissal are a nullity and would in no way bar a subsequent action asserting the same claim for relief" when the dismissal was not an adjudication on the merits. *Morehart v. Nat'l Tea Co.*, 485 P.2d 907, 908 (Colo. App. 1971).

¶ 29    Because the court dismissed Casper's 2022 contempt lawsuit for lack of subject matter jurisdiction, we conclude it erred by dismissing it with prejudice.

## V. The Sheriff Defendants' Request for Appellate Attorney Fees

### A. Applicable Legal Principles

¶ 30 Section 13-17-102(6), C.R.S. 2024, governs the court's authority to assess attorney fees against a self-represented litigant and says that attorney fees shall not be assessed against a party appearing without a lawyer "unless the court finds that the party clearly knew or reasonably should have known that the party's action . . . was substantially frivolous, substantially groundless, or substantially vexatious."

¶ 31 An appeal may be frivolous if it is "taken in a case in which 'the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue.'" *Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006) (citation omitted). However, an appeal should not be considered frivolous merely because it is ultimately unsuccessful or it advances a claim that is not recognized under existing law. *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). If an appellate court determines that an appeal is frivolous, it may award damages it deems appropriate, including attorney fees. C.A.R. 38(b); *Castillo*, 148 P.3d at 292 ("[A]n appeal

'lacks substantial justification' and is 'substantially frivolous' under [section] 13-17-102[] when the appellant's briefs fail to set forth, in a manner consistent with C.A.R. 28, a coherent assertion of error, supported by legal authority.").

## B. Analysis

¶ 32 The Sheriff Defendants request an award of their appellate attorney fees pursuant to section 13-17-102, arguing that Casper's appeal is frivolous because his notice of appeal "demonstrates expressly that Casper is aware and knows that the district court set aside the judgment that he claims forms the basis of his contempt claim." We agree.

¶ 33 As explained above, Casper has presented no rational argument based on the law to support his claims on appeal. Instead, he heavily relies on conclusory and speculative statements unsupported by the case law to which he cites. And based on our review of the record, we conclude Casper clearly knew or reasonably should have known that his appeal in this matter was frivolous.

¶ 34 Casper has represented himself in at least one other lawsuit against some of the Sheriff Defendants — the 2020 lawsuit. In that case and this one, he has filed many pleadings, often articulating

the same allegations of wrongdoing by the Sheriff Defendants. Much of his opening brief rehashes events that occurred in the 2020 lawsuit, which is not the subject of this appeal. In articulating the issues on appeal in this case, he conceded that the court set aside the July 2022 order and that the 2020 lawsuit remains pending. And he acknowledged in a pleading filed in the 2022 contempt lawsuit that this court dismissed a prior appeal in which he claimed that the July 2022 order was an enforceable judgment. *See Casper v. DiSalvo*, (Colo. App. No. 23CA890, July 20, 2023) (unpublished order). Thus, Casper clearly knew or reasonably should have known that this appeal was frivolous because the claims he asserted — which were based on the still-pending 2020 lawsuit and the unenforceable July 2022 order — weren't yet ripe. *See Castillo*, 148 P.3d at 292. Therefore, we conclude that awarding the Sheriff Defendants their reasonable attorney appellate fees is warranted under section 13-17-102(6) and C.A.R. 38(b), and we remand this case to the district court for determination of the amount of such fees. *See* C.A.R. 39.1; *see also SG Ints. I, Ltd. v. Kolbenschlag*, 2019 COA 115, ¶¶ 40, 46

(remanding case to the district court for a determination and award of reasonable appellate attorney fees arising out of frivolous appeal).

## VI. Disposition

¶ 35 The portion of the judgment dismissing Casper's complaint for lack of subject matter jurisdiction is affirmed in part. The portion of the judgment dismissing Casper's complaint with prejudice is reversed, and the case is remanded to the district court to amend the judgment to reflect that the case is dismissed without prejudice and to determine the amount of the Sheriff Defendants' reasonable appellate attorney fees.

JUDGE LIPINSKY and JUDGE JOHNSON concur.